UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

      v.                                  CASE NO. 6:26-cr-0038-GAP-LHP

DANIEL COOK

**GOVERNMENT'S RESPONSE TO ORDER TO SHOW CAUSE**

The United States of America hereby responds to the Court's Order to Show Cause at docket entry 37 and respectfully requests that no sanctions be imposed due to the delay in providing the competency evaluation report in this case.

**Procedural Background**

On January 12, 2026, the defendant, Daniel Cook, was charged by criminal complaint with communicating a threat to injure in violation of 18 U.S.C. § 875(c). Doc. 1. The defendant's initial appearance was held on February 6, 2026, and concerns related to the defendant's competency were raised during the course of the hearing. Docs. 8-15. Defendant was ordered detained pending further proceedings and did not request a detention hearing at the time of his initial appearance. Docs. 13-14. By February 18, 2026, both parties had requested the Court commit the defendant for competency evaluation. Docs. 19 and 21.

The same day, a federal grand jury returned a two-count indictment charging the defendant, Daniel Cook, with two counts of communicating a threat to injure. Doc. 22.

On February 23, 2026, this Court granted the motion for competency evaluation and directed the defendant be taken into the custody of the Attorney General for a period not to exceed 30 days for a psychiatric or psychological evaluation. Doc. 26. The Court's Order further directed the report from such examination to be filed no later than 15 days after the evaluation period ended. Doc. 26.

The defendant was committed to the Federal Medical Center in Lexington, Kentucky, on March 12, 2026. His term of evaluation was set to end on April 10, 2026. On the day of his arrival, the treating provider emailed a letter to the Court confirming the planned duration of the defendant's evaluation period and an anticipated completion date for her report of May 8, 2026.[1]

The day of his arrival, the treating provider coordinated with both counsel to obtain necessary information related to the case and bearing on the defendant's competency. Undersigned counsel inquired as to the status of defendant's evaluation on March 25, 2026, April 7, 2026, and May 1, 2026. On April 7, 2026, the treating provider informed the undersigned of her communication with the Court on March 12, 2026, including her anticipated completion date for the report as May 8, 2026. The undersigned erroneously believed that deadline was acceptable.[2] However, the

---

[1] This anticipated completion date was 11 days beyond the Court's deadline. Neither undersigned counsel nor the defendant were parties to the communication.

[2] Defense counsel was included on that email and did not raise any concerns with the May 8, 2026, timeline, which reenforced counsel's erroneous assumption about the report deadline.

undersigned should have inquired and/or filed a motion requesting to extend the deadline to file the BOP report.

Defendant's evaluation period ended on April 10, 2026, wherein the treating provider immediately initiated his transfer back into the custody of the U.S. Marshals pending his competency hearing. Defendant is currently detained at the Orange County Jail.

Based on recent correspondence with the treating provider, the report is being prepared as quickly as possible. However, given the significant data that needs to be assembled, explained, reviewed and approved, the treating provider's anticipated completion date is May 6, 2026 (the date of this filing) by close of business.

### Law and Argument

Pursuant to 18 U.S.C. § 4241(a), "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant . . . the defendant or an attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant." Additionally, the Court "shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."   18 U.S.C. § 4241(a).

Section 4241(b) states that prior to such a hearing, the Court may order a defendant to undergo a psychiatric or psychological examination to determine if the

3

defendant can understand the proceedings and assist properly in his defense. 18 U.S.C. § 4241(b). The Court may order that such an examination be performed by a qualified psychiatrist or psychologist of the United States Bureau of Prisons, consistent with the procedures set forth in 18 U.S.C. § 4247. Pursuant to § 4247(b), the Court "may commit the [defendant] . . . to the custody of the Attorney General for placement in a suitable facility" so that he can be "examined for a reasonable period, but not to exceed thirty days," for purposes of an examination under Section 4241 concerning the defendant's mental competency. 18 U.S.C. § 4247(b). Under § 4247, "[u]nless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court." *Id.*

Given the shared concerns for defendant's competency, the Court committed the defendant "to the custody of the Attorney General for placement in a suitable facility" so that he can be "examined for a reasonable period, but not to exceed thirty days," for purposes of the competency examination under § 4241(b). *See* 18 U.S.C. § 4247(b).

Under the rule, once the examination is complete, a psychiatric or psychological report "shall be prepared by the examiner" and "shall be filed with court with copies provided to [the parties]." 18 U.S.C. § 4247(c). That section sets forth the reporting requirements for a psychiatric or psychological evaluation which includes: (1) the person's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results;

(3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and, if the examination is ordered under section 18 U.S.C. § 4241, whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *Id*. The statute does not set a specific time limit for the preparation of the report. *Id*. However, in this case the Court directed the report to be filed on the record within 15 days of the end of the evaluation period. Doc. 26.

The treating provider notified the Court and counsel of her anticipated completion date, not realizing that date did not comply with the Court's order. This anticipated length of time accounted for the significant information that needs to be contained within the report, the internal BOP routing and approval process necessary for the report to be finalized, and other obligations of the treating provider and others involved in finalizing the report. The government respectfully requests that no sanctions be issued and that the treating provider have the time necessary to accomplish her important work in this case. While the government agrees with the Court that a shorter timeline would be preferable, the treating provider is nonetheless unable to provide her report in a timelier fashion. Undersigned counsel inquired at various intervals as to the status of defendant's evaluation, though candidly little information was provided. Due to the nature of the evaluation, the treating provider was not comfortable providing the undersigned with much information and had corresponded with the Court directly without including either government or defense

counsel. The point being the error was not a result of lack of diligence but counsel's misunderstanding and failure to clarify.

## Conclusion

Undersigned counsel apologizes for the error and unintended violation of the Court's scheduling order. The undersigned has ensured the treating provider will provide her report as soon as possible directly to the Court and counsel. The United States will then file said report under seal.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney


By:   /s/ Rachel S. Lyons
       Rachel S. Lyons
       Special Assistant United States Attorney
       USA No. 215
       400 W. Washington Street, Suite 3100
       Orlando, Florida 32801
       Telephone:   (407) 648-7500
       Facsimile:    (407) 648-7643
       E-mail: Rachel.Lyons@usdoj.gov

6

**U.S. v. Daniel Cook**                    **Case No. 6:25-cr-00038-GAP-LHP**

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2026, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

Vitaliy Kats
Counsel for Defendant

                         /s/ Rachel S. Lyons
                         Rachel S. Lyons
                         Special Assistant United States Attorney
                         USA No. 215
                         400 W. Washington Street, Suite 3100
                         Orlando, Florida 32801
                         Telephone:   (407) 648-7500
                         Facsimile:    (407) 648-7643
                         E-mail: Rachel.Lyons@usdoj.gov

7
